## IDA SOSNOWSKI
### vs.
## RUDOLPH SOSNOWSKI

Superior Court     New Haven County     File #54391

MEMORANDUM FILED DECEMBER 10, 1938.

Leon E. McCarthy, of Ansonia, for the Plaintiff.

ELLS, J. The complaint seeks the annulment of a New York marriage on the ground that the consent to the marriage contract was a "feigned" consent. The credible evidence does not support this claim. There was an actual consent; and it was a real consent, not a feigned one. The parties intended to get married, and in pursuance of that intent they drove across the border, secured a magistrate, and were married. The next day the girl changed her mind. It was a hasty, an ill-considered marriage, that is all there is to it.

The plaintiff relies principally on the case of *Davis vs. Davis*, 119 Conn. 194, 199. This case does not open wide the door to the annulment of hasty marriages. The decision carefully points out (p. 203) that "A petition for the annulment of a marriage on this ground requires of the court hearing it great caution and demands clear proof." That kind of proof is wholly lacking here.

In the Davis case "the plaintiff and the defendant went on an automobile ride with several young people. It was a joyous occasion and to add to the excitement the defendant dared the plaintiff to marry her. The plaintiff accepted the dare.... neither party intended at the time to enter into the marriage status." (p. 195). All of these facts are lacking in the present case. This was not "a mere jest got up in exuberance of spirits to amuse the company and themselves." (p. 202). It is the case of a foolish young couple who decided to marry in haste and did it. They did not do it on a dare, or as a jest, or to amuse someone. They proposed to get married, they intended to get married, they knew when the ceremony was being performed, that they were being actually married, and they gave their full consent. Later the girl was sorry she had done it.

The law of New York governs, but there is nothing to be gained by discussing that law. It is fully covered in the Davis case.

A decree is denied.